Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Dwana S. Dixon (DD 0609)
ddixon@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Beverly Hills Teddy Bear Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEVERLY HILLS TEDDY BEAR COMPANY, *Plaintiff* <br><br> v. <br><br> ROYAL DELUXE ACCESSORIES LLC, *Defendant* | CIVIL ACTION No. 19-cv-5128 <br><br> **COMPLAINT** <br><br> **Jury Trial Requested** |

Plaintiff Beverly Hills Teddy Bear Company, a corporation organized in California, ("BHTBC" or "Plaintiff"), by and through its undersigned counsel, alleges as follows:

**NATURE OF THE ACTION**

1. This action involves claims for copyright infringement of BHTBC's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*; and a related common law claim (the "Action"), arising from Defendant Royal Deluxe Accessories LLC's ("Royal Deluxe" or "Defendant") infringement of BHTBC's Squeezamals Works (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising,

marketing, promoting, distributing, displaying, offering for sale, and/or selling unlicensed, infringing versions of BHTBC's Squeezamals Products (as defined *infra*).

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq*.; and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as the claim asserted thereunder is so closely related to the federal claim brought in this Action as to form part of the same case or controversy.

3. Personal jurisdiction exists over Defendant in this judicial district pursuant to N.Y.C.P.L.R. § 301 because, upon information and belief, Defendant is a New York limited liability company, is domiciled within the State of New York, regularly conducts business in New York and in this judicial district, and/or otherwise avails itself of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

4. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendant resides and conducts business in this judicial district, a substantial part of the events or omissions giving rise to the asserted counts occurred in this judicial district, and harm to Plaintiff has occurred in this district.

## THE PARTIES

5. BHTBC is a company organized in California, with a principal place of business at 24625 Railroad Avenue, Santa Clarita, California, 91321.

6. Upon information and belief, Royal Deluxe is a New York limited liability company, having a principal place of business at 390 Fifth Avenue, Room 505, New York, New York 10018.

## GENERAL ALLEGATIONS

### BHTBC and Its Well-Known Squeezamals Products

7. Plaintiff is a leading global designer, creator and manufacturer of custom, private label toys, gifts and plush, among other things, which are marketed under well-known brands such as Squeezamals®, Suprizamals®, Glow Glove®, and Glow to Go ® ("BHTBC Product(s)").

8. One of Plaintiff's most recent and successful BHTBC Products is its line of collectible, scented, super-squeezy slow rise foam stuffed toys, which BHTBC designed to look like various animals and/or other characters (e.g., sloths, narwhals, dogs, etc.) ("Squeezamals Products").

9. The Squeezamals Products, which are available throughout the United States in over sixty (60) countries worldwide, are sold via BHTBC's website devoted to the same (*see* www.squeezamals.com), along with quality toy stores, major retailers and online marketplaces, such as Walmart, Target, and Amazon.com.

10. Squeezamals Products generally come in two (2) sizes, with the smaller version retailing for $7.99 each, and the larger version retailing for $15.99 each.

11. The Squeezamals Products have achieved great success and immense popularity since their introduction in early 2018.

12. In fact, the Squeezamals Products were awarded the title of Plush Toy of the Year by Learning Express Toys.

3

13. Due to the widespread popularity of the first season of the Squeezamals Products, which consisted of twenty (20) different characters, BHTBC released second and third seasons of Squeezamals Products, each comprised of additional characters. Currently, there are now over forty-five (45) different Squeezamals Products to collect, ranging from Ollie the Owl, Cassie the Cat to Fluffy the Furball and more. Images of some of BHTBC's Squeezamals Products are attached hereto as **Exhibit A** and incorporated herein by reference.

14. Plaintiff owns all registered and unregistered intellectual property rights in its Squeezamals Products, including all registered and unregistered copyrights in and related to the Squeezamals Products.

15. For example, BHTBC is the owner of the following U.S. Copyright Registration Nos.: VA 2-111-231, covering the Squeezamals Series 1 White Cat, VA 2-111-212, covering the Squeezamals Series 1 Dog, VA 2-111-208, covering the Squeezamals Series 1 Monkey, VA 2-111-202, covering the Squeezamals Series 1 Panda, VA 2-111-230, covering the Squeezamals Series 1 Penguin, VA 2-112-188, covering the Squeezamals Series 1 Unicorn, VA 2-140-693, covering the Squeezamals Series 1 Teal Cat, VA 2-140-694, covering the Squeezamals Series 1 Duck, VA 2-140-678, covering the Squeezamals Series 1 Ladybug, VA 2-140-680, covering the Squeezamals Series 1 Pink Owl, VA 2-140-672, covering the Squeezamals Series 1 Bunny, VA 2-140-676, covering the Squeezamals Series 1 Fox, VA 2-140-679, covering the Squeezamals Series 1 Pig, VA 2-112-164, covering the Squeezamals Series 1 Packaging, VA 2-140-673, covering the Squeezamals Series 1 Corgi, VA 2-140-141, covering the Squeezamals Series 1 Hedgehog, VA 2-140-697, covering the Squeezamals Series 1 Moose, VA 2-140-698, Covering the Squeezamals Series 1 Narwhal, VA 2-140-683, covering the Squeezamals Series 1 Sheep, VA 2-140-142, covering the Squeezamals Series 1 Sloth, VA 2-129-675, covering the Squeezamals

Season 2 Elephant, VA 2-129-679, covering the Squeezamals Season 2 Furball, VA 2-129-672, covering the Squeezamals Season 2 Giraffe, and VA 2-129-669, covering the Squeezamals Season 2 Zebra. (collectively, "Squeezamals Works").  True and correct copies of the registration certificates, and the corresponding deposit materials, for the Squeezamals Works are attached hereto as **Exhibit B** and incorporated herein by reference.

16. BHTBC has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its Squeezamals Products and Squeezamals Works.

17. The success of the Squeezamals Products is due in large part to BHTBC's marketing, promotion and distribution efforts.  These efforts include, but are not limited to, the advertising and promotion of the Squeezamals Products through nationwide television advertising campaigns for the Squeezamals Products, print and internet-based advertising and publicity for the Squeezamals Products, placement of the Squeezamals Products at dozens of authorized major retail outlets, both domestically and abroad, and BHTBC's participation in major industry toy fairs in both New York and Hong Kong.

18. BHTBC's and the Squeezamals Products' successes are also due to BHTBC's use of high-quality materials and processes in making the Squeezamals Products.

19. Additionally, BHTBC owes a substantial amount of the success of the Squeezamals Products to its consumers and the word-of-mouth buzz that its consumers have generated.

20. As a result of BHTBC's efforts, the quality of its Squeezamals Products, its promotions, extensive press and media coverage, and word-of mouth-buzz, the Squeezamals Products and Squeezamals Works have become prominently placed in the minds of the public. Members of the public have become familiar with the Squeezamals Products and Squeezamals

Works and have come to recognize the Squeezamals Products and Squeezamals Works and associate them exclusively with BHTBC.

21. BHTBC and its Squeezamals Works have acquired a valuable reputation among the public as a result of such associations.

22. BHTBC has gone to great lengths to protect its interests in and to the Squeezamals Works. No one other than BHTBC is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Squeezamals Works without the express written permission of BHTBC.

### Defendant's Wrongful and Infringing Conduct

23. In light of BHTBC's enormous success, particularly with respect to the Squeezamals Products, as well as the reputation that they have gained, BHTBC and its Squeezamals Products have become targets for unscrupulous individuals and entities that wish to exploit the goodwill, reputation, and fame BHTBC has amassed in its Squeezamals Products and Squeezamals Works.

24. BHTBC investigates and enforces against such activity, and through such efforts, learned of Defendant's actions, which vary and include, but are not limited to, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling products bearing one or more of BHTBC's Squeezamals Works, and/or products in packaging and/or containing labels and/or artwork that is/are substantially similar to one or more of BHTBC's Squeezamals Works, and/or products that are identical or substantially similar to the Squeezamals Products (hereinafter referred to as "Infringing Product(s)") to U.S. consumers, including those located in the State of New York, through, at a minimum, 2019 Toy Fair New York, and upon information and belief, third party retailers.

25. Plaintiff first became aware of Defendant's infringing activities on or about January 2019 when an employee of BHTBC was forwarded a flyer wherein Defendant was promoting its Infringing Products (the "Flyer"). A true and correct copy of the Flyer is attached hereto as **Exhibit C.**

26. In order to further investigate Defendant's infringing activities, Plaintiff's counsel engaged the services of Ryan Investigative Group, Inc., licensed New York investigators (hereinafter, "Plaintiff's Investigator(s)"). On or about January 29, 2019, Plaintiff's Investigator called Defendant at the telephone number listed on the Flyer, spoke with one of Defendant's employees and expressed interest in the Infringing Products advertised via the Flyer.

27. On or about February 2019, it then came to Plaintiff's attention that Defendant's Infringing Products were on display at the 2019 Toy Fair New York–an important annual global, toy fair industry trade show, attended by more than 30,000 industry professionals. *See* https://www.toyassociation.org/PressRoom2/News/2019-news/2019s-hottest-toys-games-on-display-at-toy-fair-new-york.aspx. True and correct photographs of Defendant's Infringing Products on display at the 2019 Toy Fair New York are attached hereto as **Exhibit D.**

28. Thereafter, on February 20, 2019 Plaintiff's counsel sent a cease and desist letter to Defendant (the "Royal Deluxe C&D"). A true and correct copy of the Royal Deluxe C&D is attached hereto as **Exhibit E.**

29. On or about April 2019, after Defendant was placed on notice, it came to Plaintiff's attention that Infringing Products were also being sold at a Gabriel Brothers, Inc. ("Gabe's") retail store in New Jersey. True and correct photographs of Infringing Products being sold at Gabe's, which were forwarded to Plaintiff, are attached hereto as **Exhibit F.**

7

30. Gabe's confirmed to Plaintiff's counsel that Defendant was the source of the Infringing Products.

31. A side-by-side comparison of one of Plaintiff's Squeezamals Products to one of Defendant's Infringing Products appears below:

| **Squeezamals Product** | **Infringing Product** |
|---|---|
| (image of brown sloth plush) | (image of brown sloth plush) |

32. Plaintiff's counsel received a response to the Royal Deluxe C&D, however, to date, Defendant has failed to address all of Plaintiff's reasonable requests and the parties have been unable to resolve this matter.

33. Defendant is not, and has never been, authorized by BHTBC or any of its authorized agents to copy, manufacture, import, export, advertise, distribute, offer for sale, or sell the Squeezamals Products or to use BHTBC's Squeezamals Works, or any artwork that is substantially similar to the Squeezamals Works.

34. By these dealings in Infringing Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products), Defendant has violated BHTBC's exclusive rights in its Squeezamals Works, and has used images, designs and/or artwork that are substantially similar to, identical to, and/or constitute infringement of BHTBC's Squeezamals

8

Works in order to confuse consumers into believing that such Infringing Products are BHTBC's Squeezamals Products and aid in the promotion and sales of its Infringing Products. Defendant's conduct began long after BHTBC's adoption and use of its Squeezamals Works, and after BHTBC's Squeezamals Products became well-known to the purchasing public.

35. Prior to and contemporaneous with its actions alleged herein, Defendant had knowledge of BHTBC's ownership of its Squeezamals Works, and of the popularity and success of the Squeezamals Products, and in bad faith adopted BHTBC's Squeezamals Works.

36. Defendant has been engaging in the illegal infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to BHTBC's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of BHTBC, BHTBC's Squeezamals Works, and Squeezamals Products.

37. In committing these acts, Defendant has, among other things, willfully and in bad faith infringed the Squeezamals Works; and has profited from such activities at BHTBC's expense.

38. Unless enjoined, Defendant will continue to cause irreparable harm to BHTBC.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Federal Copyright Infringement)
### [17 U.S.C. § 501(a)]

39. BHTBC repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

40. BHTBC is the exclusive owner of the Squeezamals Works.

41. Defendant had actual notice of BHTBC's exclusive rights in and to the Squeezamals Works.

42. Defendant did not attempt and therefore inherently failed to obtain BHTBC's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform, and/or market BHTBC's Squeezamals Products and/or Squeezamals Works.

43. Without permission, Defendant knowingly and intentionally reproduced, copied, and displayed BHTBC's Squeezamals Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products that bear such Squeezamals Works, or artwork that is, at a minimum, substantially similar to BHTBC's Squeezamals Works.

44. Defendant's unlawful and willful actions as alleged herein constitute infringement of BHTBC's Squeezamals Works, including BHTBCs' exclusive rights to reproduce, distribute, and/or sell such Squeezamals Works in violation of 17 U.S.C. § 501(a).

45. Defendant's knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to BHTBC in an amount as yet unknown but to be proven at trial, for which BHTBC has no adequate remedy at law, and unless enjoined, Defendant will continue to cause, substantial and irreparable harm to BHTBC.

46. Based on Defendant's wrongful conduct, BHTBC is entitled to injunctive relief, BHTBC's actual damages and Defendant's profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**(Unfair Competition)**
**[New York Common Law]**

47. BHTBC repleads and incorporates by reference each and every allegation set forth

in the preceding paragraphs as if fully set forth herein.

48. By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in Infringing Products, Defendant has traded off the extensive goodwill of BHTBC and its Squeezamals Products to induce, and did induce and intends and will continue to induce, customers to purchase its Infringing Products, thereby directly competing with BHTBC. Such conduct has permitted and will continue to permit Defendant to make substantial sales and profits based on the goodwill and reputation of BHTBC, which BHTBC has amassed through its nationwide marketing, advertising, sales, and consumer recognition.

49. Defendant's advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Infringing Products was and is in violation and derogation of BHTBC's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship, or quality of Defendant's Infringing Products.

50. Defendant knew, or by the exercise of reasonable care should have known, that its advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Infringing Products and its continuing advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Infringing Products would cause confusion and mistake, or deceive purchasers, users, and the public.

51. Upon information and belief, Defendant's aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of BHTBC's rights, and for the wrongful purpose of injuring BHTBC and its competitive position while benefiting Defendant.

52. As a direct and proximate result of Defendant's aforementioned wrongful actions, BHTBC has been and will continue to be deprived of substantial sales of its Squeezamals Products in an amount as yet unknown but to be determined at trial, for which BHTBC has no adequate remedy at law, and BHTBC has been and will continue to be deprived of the value of its Squeezamals Works as commercial assets in an amount as yet unknown but to be determined at trial, for which BHTBC has no adequate remedy at law.

53. As a result of Defendant's actions alleged herein, BHTBC is entitled to injunctive relief, an order granting BHTBC's damages and Defendant's profits stemming from its infringing activities, and exemplary or punitive damages for Defendant's intentional misconduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, BHTBC prays for judgment against Defendant as follows:

A. For an award of BHTBC's actual damages and Defendant's profits, pursuant to 17 U.S.C. § 504(b) in an amount to be proven at trial for willful copyright infringement of BHTBC's Squeezamals Works under 17 U.S.C. § 501(a);

B. In the alternative to BHTBC's actual damages and Defendant's profits for copyright infringement of BHTBC's Squeezamals Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which BHTBC may elect prior to the rendering of final judgment;

C. For an award of damages to be proven at trial for common law unfair competition;

D. For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendant, or its agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendant, and all those in active concert or participation with Defendant, and each of them who receives notice directly or otherwise of such injunction from:

    i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products;

    ii. directly or indirectly infringing in any manner any of BHTBC's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation BHTBC's Squeezamals Works;

    iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, BHTBC's Squeezamals Works to identify any goods or services not authorized by BHTBC;

    iv. using any of BHTBC's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, BHTBC's Squeezamals Works or any other artwork that is substantially similar to BHTBC's Squeezamals Works on or in connection with Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in Infringing Products;

    v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake, and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendant with BHTBC, and/or as to the origin, sponsorship, or approval

       of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendant and Defendant's commercial activities by BHTBC;

  vi. engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Infringing Products;

  vii. engaging in any other actions that constitute unfair competition with BHTBC;

  viii. engaging in any other act in derogation of BHTBC's rights;

  ix. secreting, destroying, altering, removing, or otherwise dealing with Infringing Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products;

  x. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

  xi. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (x) above; and

E.   For an order of the Court requiring that Defendant recall from any distributors and retailers and deliver up to BHTBC for destruction any and all Infringing Products and any and all

packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of BHTBC's trademarks, copyrights, or other rights including, without limitation, BHTBC's Squeezamals Works, or bear any artwork that is substantially similar to BHTBC's Squeezamals Works;

F. For an order from the Court requiring that Defendant provide complete accountings for any and all monies, profits, gains and advantages derived by Defendant from its manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing Products as described herein, including prejudgment interest;

G. For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendant's possession which rightfully belong to BHTBC;

H. For an award of exemplary or punitive damages in an amount to be determined by the Court;

I. For BHTBC's reasonable attorneys' fees;

J. For all costs of suit; and

K. For such other and further relief as the Court may deem just and equitable.

### DEMAND FOR JURY TRIAL

BHTBC respectfully demands a trial by jury on all claims.

Dated: May 31, 2019                                  Respectfully submitted,

                                                                                    **EPSTEIN DRANGEL LLP**

                                                                                    BY:    _S/ Dwana S. Dixon_
                                                                                             Dwana S. Dixon (DD 0609)

                                                ddixon@ipcounselors.com
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Beverly Hills Teddy Bear Company*